IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL ANTHONY BROWN,

        Plaintiff,

v.                                                  No. 2:18-cv-00920-KRS

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REVERSE AND REMAND

THIS MATTER is before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing or for Immediate Payment of Benefits (Doc. 15) ("Motion"), filed January 31, 2019. In his Motion, Plaintiff argues that the Appeals Council improperly rejected new, material, and relevant evidence, and that the administrative law judge ("ALJ") failed to properly assess the opinions of his treating psychiatrist, Mario Cruz, M.D.

With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b), the Court has considered the parties' briefings, meticulously combed the administrative record, and determined that the ALJ improperly rejected Dr. Cruz's opinions. Due to this error, the Court will remand this case for further proceedings. The Court will not reach Plaintiff's remaining argument as it "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

### I. PROCEDURAL BACKGROUND

On October 3, 2012, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income, alleging that he had been disabled since February 10,

2012, due to vasovagal syncope, post-traumatic stress disorder ("PTSD"), obsessive compulsive disorder, panic disorder, impulse control disorder, anxiety, and back spasms. (AR 204, 211, 299). Plaintiff's claims were denied at both the initial and reconsideration levels of review, and a subsequent hearing before ALJ Barry O'Melinn again ended in a denial. (AR 2, 67-68). Plaintiff challenged the ALJ's decision in the United States District Court for the District of New Mexico and, on July 6, 2016, Magistrate Judge Vidmar remanded the case for further proceedings. (AR 1055-1065).

Per the Court's order, ALJ Michael Leppala granted Plaintiff a second hearing and issued a new decision. (AR 958, 972, 1069-70). In his decision, ALJ Leppala engaged in the required five-step disability analysis,[1] first finding that Plaintiff had engaged in substantial gainful activity until October 6, 2012.[2] (AR 961). At step two, ALJ Leppala found that Plaintiff had the severe impairments of a depressive disorder, an anxiety disorder, PTSD, vasovagal syncope, and a possible seizure disorder. (AR 962). At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. (*Id.*).

ALJ Leppala next assessed Plaintiff's Residual Functional Capacity ("RFC"),[3] finding that Plaintiff had the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations. He is limited to never climbing ladders, ropes, or scaffolds, and must avoid moderate exposure to heat and all exposure to hazards. The Claimant can understand, carry out, and remember simple instructions and make commensurate work-related decisions, respond appropriately to supervision, coworkers, and work situations, deal with routine changes in work setting, maintain concentration persistence, and pace for up to and including two

---

[1] *See* 20 C.F.R. § 404.1520 (outlining the five-step analysis).
[2] The ALJ also determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2018. (AR 961).
[3] The RFC gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 404.1545(a)(1).

> hours at a time with normal breaks throughout a normal workday. He is limited to
> superficial contact with coworkers and supervisors and no contact with the
> general public and is best suited to working with things and not people.

(AR 964).

With Plaintiff's RFC assessment in hand, the ALJ proceeded to steps four and five where, with the help of a vocational expert, he determined that Plaintiff could not perform his past relevant work but that he could perform the requirements of representative occupations such as hand packager and janitor. (AR 972). Accordingly, ALJ Leppala concluded that Plaintiff was not disabled. (*Id.*). In response to the ALJ's unfavorable decision, Plaintiff filed written exceptions with the Appeals Council and submitted additional medical evidence for the Council's consideration. (AR 933, 939-949).

On August 1, 2018, the Council denied Plaintiff's request for review and determined that the evidence Plaintiff submitted did "not show a reasonable probability that it would change the outcome of the decision." (AR 933-934). Now that the Commissioner's decision is final, *see Sims v. Apfel*, 530 U.S. 103, 106–07 (2000), Plaintiff's request for review is properly before the Court. 42 U.S.C. § 405(g).

## II. STANDARD

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir.

2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262. Additionally, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

### III. ANALYSIS

Prior to articulating his findings regarding Plaintiff's RFC, ALJ Leppala considered the evidence of record and, as is relevant here,[4] afforded "little weight" to the opinions of Dr. Cruz, Plaintiff's treating psychiatrist of more than five years. (AR 969). Plaintiff argues that the ALJ failed to weigh this evidence in accordance with the "treating physician rule."

It is beyond dispute that an ALJ is required to consider and weigh every opinion contained in the record. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012); 20 C.F.R. § 404.1527(c). Generally speaking, medical opinions from a claimant's treating physician should be given controlling weight if they are well-supported and consistent with the other substantial evidence of record, *Watkins*, 350 F.3d at 1300. If a treating physician's medical opinion is not given controlling weight, the opinion is still entitled to deference and it must be weighed using the factors set forth in 20 C.F.R. § 404.1527(c)(2)(i)-(c)(6). The ALJ need not expressly consider all of the relevant factors, but his or her decision must be "sufficiently

---

[4] The evidence of record is thoroughly detailed in the ALJ's decision and the parties' briefings. And, because Plaintiff only takes issue with the ALJ's treatment of Dr. Cruz's opinions, it would serve no purpose for the Court to discuss the entirety of the evidence here.

specific to make clear to any subsequent reviewers the weight the adjudicator gave to the…medical opinion and the reasons for that weight." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (quotation omitted). As detailed below, ALJ Leppala's evaluation of the evidence in question falls short of these mandates.

On March 18, 2015, and June 15, 2017, Dr. Cruz completed medical assessments of Plaintiff's ability to do work related mental activities, wherein he opined that Plaintiff suffered from a variety of moderate and marked limitations in the areas of understanding and memory, sustained concentration and persistence, social interaction, and adaptation. (AR 1363-67, 2345-49). In both assessments, Dr. Cruz also noted that Plaintiff met the listings for seizure and anxiety disorders. (AR 1365, 1367, 2348, 2349). Dr. Cruz's 2017 assessment included the additional diagnosis of affective disorder based on the underlying conditions of depressive syndrome and manic syndrome. (AR 2347).

ALJ Leppala rejected the entirety of Dr. Cruz's assessments, finding that the doctor's treatment notes "do not support the findings on the[] forms" and that the "record does not support the degree of limitation indicated." (AR 969). To support his findings, ALJ Leppala first explained that Dr. Cruz assessed Plaintiff with depressive syndrome "even though medical records show that depression had not been an ongoing or primary complaint." (*Id.*). The ALJ next noted that although Plaintiff "describes symptoms of anxiety and blackouts that have been present for years," these symptoms did not prevent him from working at Lowes as a full-time plumber from February 2012 through September 2012, and as a part-time greeter from October 2012 through November 2013. (*Id.*). Finally, the ALJ concluded that Plaintiff's "symptoms have improved with treatment, and would not prevent him from working." (*Id.*).

While supportability is a valid reason for rejecting a medical opinion, *see* 20 C.F.R. § 404.1527(c)(2)(i)-(c)(6), the Court is unable to conclude that it applies in this case. To illustrate, ALJ Leppala listed a depressive disorder as one of Plaintiff's severe impairments, (AR 962), then dismissed Dr. Cruz's findings as to Plaintiff's depressive syndrome on the ground that "depression had not been an ongoing or primary complaint." (AR 969). Due to these seemingly inconsistent findings, the Court can neither follow nor affirm the ALJ's reasoning. *See, e.g.*, *Oldham*, 509 F.3d at 1258.

The Court is also unable to follow ALJ Leppala's comments regarding Plaintiff's self-described symptoms and his work at Lowes in 2012 and 2013. ALJ Leppala never explains how Plaintiff's past work undercuts the assessments Dr. Cruz completed in 2015 and 2017, or its relevance in general. This is especially troubling considering that ALJ Leppala determined that Plaintiff was unable to perform his past relevant work as a plumber, and that Plaintiff's part-time work did not qualify as substantial gainful activity. (AR 961, 971). In the absence of further elaboration from the ALJ on this point, the Court cannot conclude that Plaintiff's work history is relevant evidence which adequately supports the ALJ's findings. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004).

Similarly, ALJ Leppala did not tether his findings in terms of Plaintiff's improved symptoms to any alleged deficiencies in Dr. Cruz's assessments. Instead, he simply concluded that Plaintiff's symptoms would not prevent him from working. (AR 969). The Court notes that ALJ Leppala's decision references roughly four of Dr. Cruz's treatment notes which indicate that Plaintiff's disorders were in remission and/or his symptoms were under control. (AR 965-967). However, without a discussion of how—or even if—this handful of notes serves to undermine the doctor's assessments, the Court cannot find that the ALJ provided a legally sufficient reason

for rejecting the doctor's opinions. *See Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004) (explaining that conclusory statements with no link to the evidence or facts prevents meaningful review of the ALJ's decision).

## IV.  CONCLUSION

ALJ Leppala's decision is void of any indication that he properly considered or weighed Dr. Cruz's opinions. And, because the Court "cannot simply presume that the ALJ applied the correct legal standards" in evaluating this evidence, *Watkins*, 350 F.3d at 1301, the Court must reverse the Commissioner's decision and remand for further proceedings. Consequently, these circumstances do not lend themselves to a court ordered award of benefits. *See, e.g.*, *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (awarding benefits to a disabled individual after determining that further proceedings on remand would not serve any useful purpose).

On remand, the Commissioner is directed to reevaluate Dr. Cruz's opinion evidence in accordance with 20 C.F.R. § 404.1527(c)(2)(i)-(c)(6). The Commissioner must also ensure that the doctor's opinions are treated with deference, *see, e.g.*, *Watkins*, 350 F.3d at 1300, and that the weight assigned to the opinions is supported by substantial evidence.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing or for Immediate Payment of Benefits (Doc. 15) is hereby **GRANTED** as to Plaintiff's request for remand and reevaluation, and **DENIED** in regard to his request for payment of benefits. The Court further **ORDERS** that this matter is **REMANDED** for additional proceedings consistent with this order.

*/s/ Kevin Sweazea*
_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE